```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON**

| | |
|---|---|
| NANCY C. SIRES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:05-117-JMH |
| v. | ) |
| | ) |
| ELI LILLY & COMPANY; STUART | ) **MEMORANDUM OPINION AND ORDER** |
| LARSON, M.D.; BLUEGRASS | ) |
| REGIONAL MENTAL HEALTH-MENTAL | ) |
| RETARDATION BOARD; and BOYLE | ) |
| COUNTY COMPREHENSIVE CARE | ) |
| CENTER; | ) |
| | ) |
|     Defendants. | ) |

    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Plaintiff's motion to remand [Record No. 3] and Plaintiff's motion for expedited hearing on Plaintiff's motion to remand [Record No. 5]. Defendants collectively responded to Plaintiff's motion to remand [Record No. 6], and the time for reply has not yet expired. Nonetheless, because the Judicial Panel on Multidistrict Litigation has already entered a Conditional Transfer Order in this matter to which Plaintiff has objected, the Court will grant Plaintiff's motion for expedited hearing and will address the merits of the motion to remand at this time.

**BACKGROUND**

Plaintiff Nancy Sires originally brought this action against Defendants in Boyle Circuit Court on March 1, 2005. Plaintiff and all of the Defendants other than Defendant Eli Lilly & Company

("Eli Lilly") are residents of the Commonwealth of Kentucky for purposes of determining diversity jurisdiction. In her complaint, Plaintiff alleges damages arising from her use of the drug Zyprexa®, which is manufactured by Eli Lilly. Generally, Plaintiff's complaint alleges that Eli Lilly misrepresented and failed to warn consumers and the medical community of risks associated with Zyprexa®. Plaintiff's claim against Dr. Larson arises out of the following alleged acts:

> a. Prescribing inappropriate doses of certain prescription drugs to Plaintiff;
> b. Failing to cease certain prescription drugs after Plaintiff developed pancreatitis and diabetes;
> c. Failing to effectively develop, employ, monitor and follow appropriate policies and procedures to assess, treat, manage and oversee the care of patients such as Plaintiff;
> d. Failing to train, employ, supervise and provide appropriate personnel to carry out such policies and procedures;
> e. Failing to properly monitor [Plaintiff's] response to the drugs prescribed to her; and
> f. Failing to provide [Plaintiff] with the necessary care and services to attain and maintain the highest practical level of physical, emotional and social well being in accordance with her individual assessment and comprehensive plan of care.

(Pl.'s Compl. at 9-10.) Plaintiff's claims against Bluegrass Regional Mental Health-Mental Retardation Board and Boyle County Comprehensive Care Center, Dr. Larson's employers, are based solely on a theory of vicarious liability.

**DISCUSSION**

**A.   Fraudulent Joinder**

Generally, a civil case brought in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over suits between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). On a motion to remand, the defendant bears the burden of proving the diversity requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Additionally, where the removing party alleges fraudulent joinder, as here, that party bears the burden of demonstrating fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

The doctrine of fraudulent joinder applies in the following three situations:

> (1) when there is no colorable basis for a claim against the non-diverse defendant, (2) when a plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant).

*Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001)(citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999)). The Sixth Circuit has stated:

3

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Accordingly, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," or, in other words, "whether there [i]s any 'reasonable basis for predicting that [the plaintiff] could prevail.'" *Id.* (quoting *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)).

Defendants primarily argue that Plaintiff fraudulently joined the medical provider Defendants in this matter for purposes of defeating diversity jurisdiction. As grounds for their argument, Defendants argue that Plaintiff is unable to state a colorable basis for a claim against Dr. Larson and, consequently, against Dr. Larson's employers on vicarious liability grounds. For the reasons that follow, the Court agrees that remand of the case in its entirety is unwarranted.

First, however, the Court rejects Defendants' contention that Plaintiff's claims against Dr. Larson and Eli Lilly are contradictory. Defendants argue that fraudulent joinder is established because Plaintiff cannot claim on one hand that Eli

4

Lilly failed to warn the medical community about the risks associated with Zyprexa® and, on the other hand, that Dr. Larson should not have prescribed Zyprexa® in light of such risks. Contrary to Defendants' argument, however, Plaintiff is *not* claiming that Dr. Larson is liable for negligence solely for *prescribing* Zyprexa® to Plaintiff.

On the other hand, the Court finds that Defendants have satisfied their burden of establishing fraudulent joinder. Plaintiff argues throughout the motion to remand and the motion for expedited hearing that Plaintiff's medical records show that Dr. Larson prescribed twice the maximum daily recommended dos of Zyprexa to Plaintiff. Plaintiff further argues that Dr. Larson's purpose in prescribing such dosages was to aid in Plaintiff's sleep and that Zyprexa has never been approved as a sleep aid. However, none of these factual allegations are contained anywhere in Plaintiff's complaint. Moreover, Count 1 of Plaintiff's complaint — the only portion of the complaint that addresses Plaintiff's claim against Dr. Larson — does not state that Dr. Larson breached a duty of care in prescribing *Zyprexa*® to Plaintiff in unapproved dosages. Rather, the complaint merely uses the term "certain prescription drugs." It is noteworthy, moreover, that all of the other eight counts of the complaint — which are all claims against Eli Lilly — specifically refer to Zyprexa® by name.

To state that the thrust of Plaintiff's complaint is

Plaintiff's claims against Eli Lilly would be an understatement. Only three pages in the 24-page complaint address Dr. Larson and the other medical provider Defendants. Furthermore, the Count that addresses Dr. Larson, Count 1, is vague at best and does not even mention Zyprexa® or Plaintiff's use of Zyprexa®. The factual background of Plaintiff's complaint does not mention Dr. Larson or the events surrounding his treatment of Plaintiff with Zyprexa®. In fact, the only place in Plaintiff's complaint that Plaintiff even states that Dr. Larson prescribed Zyprexa® to Plaintiff is the introductory paragraph of the complaint, and nothing thereafter connects that fact to any of the allegations against Dr. Larson.

Recognizing that this is a close case, the Court finds that Plaintiff has not stated a colorable basis for a claim against Dr. Larson and the other medical providers *arising out of Plaintiff's use of Zyprexa*®. In other words, assuming without deciding that Count 1 contains a colorable basis for a claim against Dr. Larson arising from Dr. Larson's prescribing "*certain prescription medications*," Plaintiff's failure to even refer to Zyprexa® in Count 1 results in an insufficient nexus between Count 1 and the other claims against Eli Lilly. *Salisbury*, 166 F. Supp. 2d at 548. Thus, the Court finds that Defendant has established fraudulent joinder.

**B.   Dismissal of Fraudulently-Joined Claim**

Rule 20 of the Federal Rules of Civil Procedure states, "All

6

persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* Having determined that Plaintiff's complaint failed to establish a nexus between Eli Lilly's and Defendant Larson's conduct, the Court necessarily finds that the claims against Eli Lilly do not arise out of the same transaction or occurrence as the claim against Defendant Dr. Larson and Dr. Larson's employer Defendants. In such a situation, Federal Rule of Civil Procedure 21 gives this Court the authority to, on "its own initiative," sever the claims against the separate Defendants. Accordingly, the Court, *sua sponte*, severs Plaintiff's claim against Dr. Larson and Dr. Larson's employer Defendants from Plaintiff's claims against Eli Lilly. Moreover, because the medical provider Defendants' citizenship is not diverse from that of the Plaintiff and because the Court does not otherwise have subject matter jurisdiction over such claim, the Court, *sua sponte*, remands such claim to Boyle Circuit Court.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's motion for expedited hearing on Plaintiff's motion to remand [Record No. 5] be, and the same hereby is, **GRANTED**;

(2) that Plaintiff's motion to remand [Record No. 3] be, and

7

the same hereby is, **DENIED**;

(3) that Plaintiff's claim against Defendants Dr. Larson, Bluegrass Regional Mental Health-Mental Retardation Board, and Boyle County Comprehensive Care Center be, and the same hereby is, **SEVERED** from Plaintiff's claims against Defendant Eli Lilly; and

(4) that Plaintiff's claim against Defendants Dr. Larson, Bluegrass Regional Mental Health-Mental Retardation Board, and Boyle County Comprehensive Care Center be, and the same hereby is, **REMANDED to Boyle Circuit Court.**

This the 24th day of May, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge

8